CHARLES DENNERY, Appellant

Vs.                                           No.8514

Rene Solomon

CHARLES F. CLAIBORNE, Judge

November 13th 1922

*Judge Bell dissents —*

Nov 13/22

197

CHARLES F.CLAIBORNE, Judge.

The defendant, driving an automobile, ran into a team of mules' driven by plaintiffs chauffeur and killed one of them; hence this suit.

The plaintiff alleges that on November 15th 1920 at about half past five oclock P.M. while his chauffeur was driving a large spring wagon drawn by a double team of mules on Polymnia Street crossing St.Charles Avenue,the defendant,operating a Sedan automobile,ran into the mules and so injured one of them that it died;that his chauffeur had crossed the neutral ground of St.Charles Avenue going towards the river and had already reached the pavement side of the Avenue towards the river when the mules were struck by defendants automobile; that said accident was caused by the defendant not stopping or controlling his automobile coming down St.Charles Avenue, as he should have done,after petitioners driver had already crossed the neutral ground and was in the street going towards the river,and therefore had the right of way,and had defendant stopped or controlled his car,said accident would not have happened;XXX that petitioners driver did everything he could to avoid the accident,and was without any fault,but said accident was due solely to the reckless and careless driving of said defendant,and to his failure to control his said car on the avenue,and give petitioners driver the right of way as he should have done;and plaintiff claims $425 as the value of the mules and $31.50 expenses.

Defendant denied all the allegations of fact in said petition contained and averred that the accident was caused

198

solely by plaintiff's fault.

The learned judge of the District Court rendered judgment in favor of the defendant accompanied by lengthy written reasons.

The plaintiff had appealed.

There is not much conflict in the testimony,'only three witnesses testified.The plaintiff's driver,and another witness for him,and the defendant.

The accident occurred at about half past five on the evening of November the 15th; it was raining and dark,the pavement was wet and slippery;the street lamps were burning and the lights in the street cars, also,the lights on the automobile were burning;on plaintiff's wagon there were one light, on the left or downtown side;the plaintiff's wagon was open, no top to it,nor cover,and the driver's seat was high;he was seated on the seat,and he could see all around;the defendant's car was a closed sedan,weighing about 2200 pounds ; the plaintiff crossed the neutral ground at a walk;the defendant was driving,according to the plaintiff,20 or 25 miles an hour,and according to the defendant 16 miles;when the plaintiff's mules reached them middle of the street nearest the river,the right hand mule was struck on the shoulder by the defendant's car and the left hand mule injured;defendant's car continued in its course 10 to 15 feet when it ran into an iron post and broke it into three pieces;when the plaintiff's driver first saw the automobile he was"coming off the neutral ground"the wagon had already struck the pavement;wnen the defendant had first saw the plaintiff's wagon it was 30 or 40 feet away" coming across the neutral ground ": the defendant struck the mules while they were in the middle of the street;he struck the shoulder of the right hand mule.

The plaintiff's chauffeur testified that he first saw

the defendant's automobile"Just as I were crossing down the neutral ground"and at that time the automobile was"about three quarters of a block away."

The law of this case is contained in article I section 8 of traffic ordinance No.5181 adopted by the commission council on August 6th 1918 which reads as follows ;

"Right of way : Vehicles traveling on the following streets have the right of way over vehicles approaching on intersecting streets,namely;St.Charles Avenue,and also all other streets with street car tracks.All other streets and at interpsections of above streets and avenues,all vehicles shall have right of way over other vehicles approaching on intersecting streets from the left,and shall give right of way to those approaching from the right.The error of the plaintiff is in believing that he had the right of way,on the contrary according to the ordinance,

Defendant clearly had the right of way,for two reasons 1st. Because he was traveling on St. Charles Avenue and 2nd Because plaintiff's wagon was approaching him from the left and it was plaintiff's duty to give him the right of way to the defendant who was appraoching him from the right.

The right of way means that when two vehicles are approaching a common point where they will meet,one must yield to the other and give way,and if necessary,stop,in accordance with traffic ordinances on the subject,in case of a collision the one which violates the ordinance must pay for the resulting damages,as we have often decided,unles the other by reasonable diligence could have avoided the collision.

In crossing the street as he did the plaintiff violated both provisions of the ordinance.It was his duty before he passed the neutral ground,to have stopped and allowed the auto to pass.

The auto with its twin head lights,glaring in the darkness of night,was in full view of the driver of the wagon, and we must assume that he saw it,or could have seen it,if he had looked.In trying to cross ahead of the auto he took the

200

chance of failing to do so,and he failed.He thus suddenly put
himself across the path of the auto.Inasmuch as the auto had
the right of way,it was the wagon's duty to have yielded it
and to have stopped.The driver is certainly mistaken when he
states the distance the auto was from him when he first saw
it.He says that he first saw the auto"when he was coming down
the neutral ground", and that he it was then three quarters of
a block away from him;we will say 225 feet.If that had been
true,he would have been justified in crossing and the auto
would never have struck him,because he would have crossed the street,
about twenty feet wide,long before the auto would have reached
him.But he was mistaken,and the best proof that he was,is that
the auto struck him,and struck the forepart of the mule.The
distance from the edge of the neutral ground to the middle
of the street,the point where his mules were struck,could not
have exceeded fifteen feet.As the mules were walking,we will
assume that their speed was five miles an hour.In order that
the auto,225 feet distant,should have reached the point of con-
tact at the same time as the wagon,it would have been necessary
that it should have been running fifteen times faster then
the mules,or 75 miles an hour,which is impossible.Besides,
the driver himself testifies that the auto was running 20 or
25 miles an hour,which is reasonable.The truth seems to us
to be that according to the above figures the auto must have
been,not more than 75 feet from the wagon when the latter began
to cross.If the plaintiff had stopped on the neutral ground,
as he should have done,the accident would not have happened,
and there is no evidence that the defendant could have avoided
it by the use of reasonable diligence.The plaintiff had a light
on his wagon but it was on the left.

Judgment affirmed.

November 13th 1922,